IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 3 2014

JAMES W. McCORMACK, CLERK
By: _____ Sous _____
                        DEP CLERK

MARILYN MONROE HOWARD and PAULA
AGUILAR, individually and as
Special Administrators of the Estate of Monroe
Isadore, deceased                                              **PLAINTIFFS**

vs.                        Case No. 5:14 cv 330 KGB

City of Pine Bluff, Arkansas;
Jeff Hubanks, Chief of Police of
Pine Bluff, Arkansas, in his official
and individual capacities; and Brad
Vilches, in his individual and official
capacities                                                      **DEFENDANTS**

This case assigned to District Judge __Baker__
and to Magistrate Judge __Kearney__

## COMPLAINT

Plaintiffs Marilyn Howard and Paula Aguilar, for their claims and causes of action, state the following:

### I.   Introduction

Plaintiffs are the duly appointed personal representatives and pursue this action in the name of all beneficiaries of the late Monroe Isadore as provided under A.C.A. 16-62-102, *et seq*. Isadore's right to be free from excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated and he was the victim of battery under Arkansas law. Plaintiff seeks relief under 42 U.S.C. §1983, Ark. Code Ann. § 16-123-105(a), the Arkansas Wrongful Death statutes, and Arkansas tort law. They also seek declaratory judgment and an injunction under 28 U.S.C. §§ 2201 and 2202. Plaintiffs seek redress against Chief Jeff Hubanks ("Chief Hubanks"), individually, for his order to his Special Weapons and Tactics ("SWAT") team that caused the death of Isadore. He is also being sued as the policy maker at all relevant

1

times for the Pine Bluff Police Department ("PBPD"), for his failure to train and supervise Officer Brad Vilches ("Officer Vilches"), and for implementing, tolerating, and supporting customs and policies resulting in deliberate indifference to the rights of citizens. Furthermore, Plaintiffs seek remedies against Officer Thornton for his use of excessive force against Isadore.

## II.   Parties and Jurisdiction

1.   Plaintiff Marilyn Howard is a resident of Saline County, Arkansas and Paula Aguilar is a resident of Pine Bluff, Jefferson County, Arkansas. Isadore, who was Plaintiff's father, was 107 years old at the time of his death and also a resident of Pine Bluff.

2.   The City of Pine Bluff is a municipal corporation in Jefferson County, Arkansas.

3.   Defendant Chief Hubanks is the duly appointed and acting Chief of the PBPD. In that capacity, and pursuant to Ark. Code Ann. § 14-52-202, he is responsible for establishing and enforcing, failing to establish, or failing to enforce the policies, practices, customs, procedures and regulations of the PBPD and its employees.

4.   Hubanks is responsible for the hiring, training, supervision, discipline, and control of all members of the PBPD. He is the commanding officer of Vilches and all other PBPD employees. Hubanks is, and was, constitutionally and statutorily responsible for the operation, practices, and totality of conditions to which citizens who come into contact with the PBPD are subjected. Hubanks, at all times herein, was acting in such capacity as the chief policy maker, agent, servant, and employee of the PBPD.

5.   Defendant Officer Vilches is sued individually and in his official capacity. Officer Vilches is charged with the responsibility for implementing and following such policies, procedures, and guidelines of the PBPD for the protection of all citizens, including those who are ultimately arrested or taken into custody by the PBPD.

2

6. At the time of the incident described further herein, Defendants Hubanks and Vilches were and currently are residents of Jefferson County, Arkansas.

7. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution and the Arkansas Civil Rights Act. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1343, because the action involves a deprivation of civil rights arising under the Constitution, and this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in Jefferson County in Arkansas, which is located in the Western Division, Eastern District of Arkansas.

## III. Facts

9. The Plaintiffs re-allege and incorporate each and every allegation set forth in Paragraphs 1 through 8 as if fully set forth herein.

10. In the afternoon of September 7, 2013, Laurie Barlow entered the house of Pauline Lewis in Pine Bluff, Arkansas, in order to assist Isadore in moving into his new home. Isadore was renting a room at Lewis's residence at the time. Barlow reported to the PBPD that upon entering Isadore's bedroom, Isadore pointed a gun at her and warned her to stop "breaking in into my [Isadore's] house." She left the home with Lewis and other persons before calling the police to report a domestic disturbance. Isadore remained in his bedroom.

11. Subsequently, officers from the PBPD arrived at the Lewis residence. One officer approached the south side door of Isadore's bedroom while two other officers went towards the west side door. After a gunshot was fired towards the west side of the bedroom, all three officers left the house.

12. Soon after the shot was fired, Lt. Fratesi acted as a "negotiator" in in order to communicate with Isadore. Fratesi found out that the man inside the house was Isadore. She was aware from a previous encounter that Isadore had a hearing disability such that he could only hear her if she came close to one side of his body. Fratesi attempted to yell at him through a closed window. After that attempt was unsuccessful, she used the loudspeaker of a patrol unit in order to communicate with Isadore. She received no response again.

13. Meanwhile, the SWAT team that Hubanks had authorized appeared on the scene. The SWAT team was separated into two different groups. Team Two was positioned outside of the house while Team One entered the residence. Hubanks directed Team Two to break a window and install a pole camera in order to monitor Isadore in his bedroom. Fratesi yelled through the broken window to Isadore, but receive no response. Team Two then threw a gas canister through the broken window. Isadore fired two shots from his gun in response. Instead of retreating from the house, Team One was ordered to enter the bedroom before Isadore could reload his gun. Team One kicked in the door. Defendant Vilches threw a flash grenade into the bedroom. Defendant Vilches then shot and killed Isadore with his rifle.

14. At no time did the PBPD attempt to contact Plaintiffs or any other relatives of Isadore. Furthermore, the PBDP failed to wait for any family members to appear on the scene to communicate with Isadore in order to defuse the situation. The PBPD was on the scene from approximately 4:27 p.m. until approximately 6:00 p.m.

**IV.   Federal Civil Rights Violation under 42 U.S.C. § 1983**

15. Plaintiffs specifically adopt by reference the allegations contained in Paragraphs 1 through 14, *supra*.

4

16.     The reckless and intentional acts of Defendants Hubanks and Vilches constitute unnecessary, unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution guarantee against unreasonable seizures, as made applicable to the States by the Fourteenth Amendment.  Such acts of Defendants while acting under color of state law are sufficient to invoke an action under 42 U.S.C. Section 1983 against him for which Plaintiffs seeks damages as set forth, *infra.*

17.     Even though he knew that Isadore was in a confused mental state and could not hear the PBPD's negotiator, Defendant Hubanks unreasonably escalated the situation.  Based upon the totality of the circumstances, a reasonable officer would not have escalated the situation by employing gas, breaking in the door to Isadore's bedroom, and shooting and killing Isadore.  Isadore was not a threat to his neighbors.  In addition, the other persons in the house already had left.  Defendant Hubanks is liable because his orders led to the homicide of Isadore.  Defendant Vilches is liable because he shot and killed Isadore.  Such acts committed by both Hubanks and Vilches constitute the tort of battery under Arkansas law.

## V.     Declaratory Judgment and Injunction under 28 U.S.C. Sections 2201 and 2202

18.     Plaintiffs specifically adopt by reference the allegations contained in Paragraphs 1 through 17, *supra.*

19.     The intentional and unnecessary acts complained of herein constitute the tort of battery, pursuant to Arkansas law, for which Plaintiff seeks damages from Defendant as set forth, *infra.*

20.     As a natural and foreseeable result of said acts of Defendants, Isadore died.  For these acts, Plaintiffs seeks damages as set forth, *infra.*

5

21. The acts and customs and policies of Chief Hubanks and the City of Pine Bluff, as set forth in the preceding paragraphs, were willful, wanton and committed in reckless disregard of the natural consequences, showing a deliberate indifference to the constitutional rights of the Plaintiffs. Said acts, customs, and policies proximately caused Isadore to be subjected to the misconduct of Defendants Hubanks and Vilches as complained of herein, resulting in his death. For such customs, policies, and procedures, which resulted in deliberate indifference to Isadore's rights and injury therefrom, Plaintiffs seek damages as set forth, *infra*.

## VI.  Violation of Arkansas Civil Rights Act

22. Plaintiff re-alleges and incorporates each and every allegation set forth in the preceding Paragraphs 1 through 21, as if fully set forth herein.

23. The foregoing Defendants' acts and omissions constitute a violation of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 *et seq.*, and Plaintiff's rights under Article 2, Section 8, of the Arkansas Constitution to not be deprived of life, liberty or property without due process of law.

24. Plaintiffs reserve the right to amend their complaint.

## VII.  Independent State Law Tort Claim of Wrongful Death and Survival

25. Plaintiffs specifically adopt by reference the allegations contained in the preceding paragraphs, *supra*.

26. The acts complained of herein constitute the tort of wrongful death under Ark. Code Ann. §16-62-101, *et seq.* and for which the Plaintiffs seeks damages from the Defendants as set forth, *infra*.

27. The acts complained of herein, as set forth in the preceding paragraphs, were willful, wanton, and committed in reckless disregard of the consequences. Said conduct

proximately caused Isadore's death. As a natural and probable result of said acts, Isadore suffered emotional distress. For these acts, Plaintiffs seeks damages as set forth, *infra*.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs Marilyn Howard and Paula Aguilar, Special Administrators of the Estate of Monroe Isadore, deceased, pray the Court enter a judgment granting the following relief:

    a.    a declaratory judgment that the Defendants' actions, policies and practices complained of herein violated Isadore's rights as secured by the Fourth and Fourteenth Amendments to the U.S. Constitutions and Art.2 §§ 8 and 9 of the Arkansas Constitution;

    b.    damages against the Defendants in an amount sufficient to compensate the estate of Monroe Isadore for damages proximately caused by the acts of the Defendant including, but not limited to, the conscious pain, suffering and mental anguish suffered by Isadore prior to his death, medical and funeral bills incurred, for the loss of life and the enjoyment thereof, all in the amount in excess of the minimum jurisdictional amount for federal jurisdiction in diversity of citizens cases; for the wrongful death damages suffered by his family and statutory wrongful death beneficiaries who suffered grief and mental anguish in excess of the minimum jurisdictional amount for federal jurisdiction in diversity of citizens cases; and for punitive damages in an amount in excess of the minimum jurisdictional amount for federal jurisdiction in diversity of citizens cases which should be determined by a jury; and

    c.    reasonable attorney's fees and costs as allowable under 42 U.S.C. § 1988;

All to be determined by a jury.

                                                      Respectfully submitted,

/s/ John W. Walker
John W. Walker AB#64046
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206
501-374-3758
501-374-4187 fax
johnwalkeratty@aol.com


Lawrence A. Walker AB#12042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206
501-374-3758
501-374-4187 fax
tonywalkeratty@gmail.com